## Gregory v. Bill's Auto Exchange, Inc.

*Edward J. Ozorowski,* for plaintiffs.
*Joseph L. Prince,* for defendant.

QUINLAN, J., September 5, 1962.—We now have before us for our determination, plaintiffs' exceptions to the sheriff's proposed schedule of distribution of the proceeds from the sale of real estate owned by defendant. The proposed schedule was filed subsequent to a sale of defendant's real estate upon mortgage foreclosure proceedings which were initiated by plaintiff. Under the schedule, the Commonwealth of Pennsylvania, the holder of a sales tax lien recorded November 3, 1961, is given priority over plaintiffs who recorded their mortgage on August 8, 1961. Plaintiffs object to this priority and contend that they should have priority over the Commonwealth's lien.

Plaintiff bases its argument that it has priority upon section 548 of the Selective Sales and Use Tax Act of March 6, 1956, P. L. (1955) 1228, art. V, sec. 548, as amended, 72 PS §3403-548, which provides as follows:

"(a) Lien imposed. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, addition or penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the Commonwealth upon the property, both real and personal, of such person but only after the same has been entered and docketed of record by the prothonotary of the county where such is situated. . . .

"(b) Priority and Effect of Lien on Judicial Sale. All such liens shall have priority to, and be fully paid and satisfied out of, the judicial sale before any other obligation, judgment, claim, lien or estate with which the property may *subsequently* become charged or for which it may *subsequently* become liable; *subject, however, to mortgage or other liens existing and duly recorded at the time the tax lien is recorded,* save and except the cost of sale and of the writ upon which it is made. There shall be no inquisition or condemnation upon any judicial sale of real estate made by the Commonwealth pursuant to the provisions hereof. . . . (Italics supplied.)

"(d) Priority of Tax. Except as hereinbefore provided in the distribution, voluntary or compulsory, in receivership, bankruptcy or otherwise, of the property or estate of any person, all taxes imposed by this act which are due and unpaid and are not collectible under the provisions of section 535 hereof, shall be paid from the first money available for distribution in priority to all other claims and liens, except insofar as the laws of the United States may give a prior claim to the Federal government. . . ."

It is plaintiffs' contention that by the above-cited sections of the Selective Sales and Use Tax Act, the Commonwealth is to be given priority in the distribution of proceeds of a judicial sale only as to those judgment claims, liens or estates with which the property may *"subsequently"* become charged but that the Commonwealth does not have priority in the enforcement of its tax claim over mortgages and other liens which are existing and duly recorded at the time the tax lien is recorded. On the other hand, the Commonwealth contends that these provisions of the Selective Sales and Use Tax Act do not have that effect and that by the terms of the Fiscal Code, the Commonwealth has a superior claim to all other creditors, including mortgagees, whose interest was existing and recorded at the time the tax lien is recorded. This argument is based upon section 1401 of the Fiscal Code of April 9, 1929, P. L. 343, art. XIV, as amended, and reenacted by the Act of August 19, 1953, P. L. 1146, sec. 6, 72 PS §1401, which provides as follows:

"All State taxes imposed under the authority of any law of this Commonwealth, now existing or that may hereafter be enacted, and unpaid bonus, penalties, and all public accounts settled, assessed or determined against any corporation, association, or person, including interest thereupon, shall be a first lien upon the franchises and property, both real and personal, of such corporation, association or person, from the date of settlement, assessment or determination *and whenever the franchises or property of a corporation, association, or person shall be sold at a judicial sale, all taxes, interest, bonus, penalties, and public accounts due the Commonwealth shall first be allowed and paid out of the proceeds of such sale before any judgment, mortgage, or any other claim or lien against such corporation, association or person: . . ."* (Italics supplied.)

It is the Commonwealth's contention that this section of the Fiscal Code gives it priority in its claim for an uncollected sales tax over a previously recorded mortgage. The exact issue with which we are here confronted (whether the above-cited sections of the Selectiv Sales and Use Tax Act effectively limits the Commonwealth's claim of priority only to subsequent claims) has not been decided by our appellate courts. There have been, however, a number of lower court opinions on this subject, only one of which is recorded: Bridgeport National Bank v. McCausland Motors, Inc., 27 D. & C. 2d 589 (1961). In that case, the court was of the opinion that the relevant sections of the Selective Sales and Use Tax Act were ambiguous and did not limit the Commonwealth's right to claim a priority over the proceeds of the sheriff's sale and that, therefore, the general provisions of the Fiscal Code, giving priority to the Commonwealth, were applicable. We cannot agree with the conclusion reached by the Chester County Court in this matter. We are of the opinion that section 548 (b) clearly and effectively provides that the Commonwealth in asserting its sales tax lien should only have priority in claiming the proceeds of any judicial sales as to "any other obligation, judgment, claim, lien or estate, with which the property may *subsequently* become charged or for which it may *subsequently* become liable" and that the Commonwealth by no means has priority over mortgages or other liens which exist and are duly recorded at the time that the tax lien is recorded.

The general provisions of the Fiscal Code which give to the Commonwealth priority over all other claims should not preclude the decision which we reach here. Such a provision is a general one and does not apply where the legislature has made a specific exception to its application. This rule of construction that specific enactment shall prevail over general provisions was

extensively discussed by the Court of Common Pleas of Blair County in The First National Bank of Altoona v. Brown, 27 D. & C. 2d 569 (1961). In deciding the same issues which we have here today and arriving at the same conclusion, the Blair County court held that the specific provisions of section 548(b) of the Selective Sales and Use Tax Act prevail over the general provisions of the Fiscal Code. The court cited the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, secs. 63 and 66, 46 PS §§563 and 566, which provides as follows:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail.

"Whenever the provisions of two or more laws passed at different sessions of the Legislature are irreconcilable, the law latest in date of final enactment shall prevail."

Here the general provisions of the Fiscal Code were reenacted in 1953, while the Selective Sales and Use Tax Act was enacted in 1956. It, therefore, follows that the specific and later enacted provisions of the Selective Sales and Use Tax Act shall prevail over the general provisions of the Fiscal Code, giving priority to the Commonwealth.

The Commonwealth contends that paragraph 548(b) applies only in those situations where the judicial sale takes place on the Commonwealth's own lien and that this paragraph is silent as to the Commonwealth's claim of priority where the sale takes place on the lien of an-

other creditor. We find this argument to be without merit. Were we to follow the Commonwealth's construction of this paragraph, we would arrive at an absurd result. Such a construction would mean that where the Commonwealth, in the enforcement of its tax claim, caused the property to be sold, the claim of a prior recorded mortgagee would take priority over that of the Commonwealth but that if such sale were initiated by the mortgagee and not the Commonwealth, the Commonwealth's lien would take priority. We do not believe that the legislature intended such an illogical result. Moreover, from a reading of House Bill 2100 thereof and the Senate reprint thereof which were the legislature's suggested 1959 amendments of section 548, it becomes apparent that it was the intention of the legislature to include by the term "judicial sale" not only these sales initiated by the Commonwealth but any judicial sale brought about by any judgment creditor. House Bill 2100 in its original form provided as follows:

"(b) Priority and Effect of Lien. All such liens shall *upon any execution by the Commonwealth* have priority to and be fully paid and satisfied out of the judicial sale before any other obligation, judgment, claim, etc."

Section 548(b) as finally enacted deleted this reference to executions by the Commonwealth so that the act provided as follows:

"(b) Priority and Effect of Lien on Judicial Sale. All such liens shall have priority to, and be fully paid and satisfied out of, the judicial sale before any other obligation, judgment, claim, lien or estate, . . ."

It seems clear, therefore, that the legislature in enacting section 548(b) of the Selective Sales and Use Tax was speaking of the Commonwealth's priority upon *any execution* and not solely upon an execution by the Commonwealth.

Finally, we find without merit the Commonwealth's contention that section 548(d) has any application here. That section by its very terms applies only in those cases where there is a dispute as to the distribution to be made in receivership and bankruptcy proceedings. Distribution in a judicial sale such as the one in question is not covered by section 548(d). We are, therefore, of the opinion that section 548(b) of the Selective Sales and Use Tax Act gives to the Commonwealth a priority over the distribution of proceeds in a judicial sale only as to those claims or interests, etc., which are subsequent to the recordation of the tax lien.

*Order*

And now, September 5, 1962, for the foregoing reasons, the exceptions of plaintiffs, Glenn H. Gregory and Kathryn L. Gregory, to the sheriff's proposed schedule of distribution are sustained and it is further ordered that the claim of the said plaintiffs based on their mortgage lien be given priority in the said schedule of distribution to the claim of the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Sales and Use Tax on its lien recorded November 3, 1961.